IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RANDALL LEE GUIRE                                                                                  PLAINTIFF

vs.                                          Civil No. 4:12-cv-04036

CAROLYN W. COLVIN                                                                              DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Randall Lee Guire ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 6.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.      **Background:**

Plaintiff filed his DIB and SSI applications on October 28, 2009.  (Tr. 10, 97-106).  In his applications, Plaintiff claims to be disabled due to bipolar disorder and knee and back pain.  (Tr. 126).  Specifically, Plaintiff claims these impairments impact him in the following ways: "I had a nervous breakdown.  I get stressed out around people.  I'm bipolar.  I don't like to be around

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

anybody." *Id.* Plaintiff alleges an onset date of May 1, 2008. (Tr. 10, 97, 104). These applications were denied initially and again upon reconsideration. (Tr. 43-46). Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 60-75).

Plaintiff's administrative hearing was held on August 23, 2010 in Texarkana, Arkansas. (Tr. 33-42). Plaintiff was present at this hearing but was not represented by counsel. *Id.* Plaintiff and Vocational Expert ("VE") Talesia Besley testified at this hearing. *Id.* As of the date of this hearing, Plaintiff was fifty (50) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008) (DIB) and 20 C.F.R. § 416.963(d) (2008) (SSI). (Tr. 36). As for his level of education, Plaintiff testified he had completed high school. (Tr. 37).

On October 13, 2010, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 10-21). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2010. (Tr. 12, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 1, 2008, his alleged onset date. (Tr. 12, Finding 2). The ALJ determined Plaintiff had the following severe impairments and "other disorders": a mood disorder, an anxiety disorder, an anti-social personality disorder, polysubstance dependence, and hypertension. (Tr. 12-14, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14-16, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 16-19, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained

the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to meet the exertional demands of light activity. The claimant can sit for six hours in an 8 hour day and stand or walk for six hours in an eight-hour day. He can lift or carry ten pounds frequently and twenty pounds occasionally (20 CFR 404.1567(b) and 416.967(b)). The claimant should avoid ropes, climbing, ladders or scaffolds, and he can occasionally balance, stoop, crouch, crawl, and squat. He has the ability to understand, remember, and carry out short and simple tasks and instructions.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr.19, Finding 6). The ALJ determined Plaintiff's PRW included work as a construction worker and pipefitter. *Id.* The ALJ determined both of those occupations were classified as "heavy." *Id.* Because the ALJ determined Plaintiff only retained the RFC for light work, the ALJ found Plaintiff was precluded from performing any of this PRW. *Id.*

The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 20, Finding 1). The VE testified at the administrative hearing regarding this issue. (Tr. 20, 39-42). Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform representative occupations such as document preparer with 591 such jobs in Arkansas and 136,000 such jobs in the nation; shirt folder with 195 such jobs in Arkansas and 13,000 such jobs in the nation; and operator with 203 such jobs in Arkansas and 9,000 such jobs in the nation. (Tr. 20). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not be under a disability as defined in the Act from his alleged onset date or from May 1, 2008 through the date of the ALJ's decision or through October 13, 2010. (Tr. 20, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 31). On March 1, 2012, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On April 18, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on May 9, 2012. ECF No. 6. Both Parties have filed appeal briefs. ECF Nos. 8-9. This case is now ready for decision.

**2.**     **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines

a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.     **Discussion:**

In his appeal brief, Plaintiff claims the following: (1) the ALJ's decision that he retained the capacity to perform other work existing in the national economy was not supported by substantial evidence in the record; (2) the ALJ erred by failing to fully evaluate the record; (3) the ALJ erred by failing to consider his impairments in combination; and (4) the ALJ erred by failing to give

"appropriate weight" to his subjective complaints. ECF No. 8. Because this Court agrees with Plaintiff's fourth argument and finds the ALJ improperly performed a *Polaski* evaluation and improperly discounted his subjective complaints, this Court will only address the fourth issue Plaintiff raised.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with *Polaski* and did not give sufficient reasons for discounting Plaintiff's subjective complaints. In his opinion, the ALJ properly stated the *Polaski* factors but then discounted Plaintiff's subjective complaints for the sole reason that they were not supported by his medical records. (Tr. 16-19). Specifically, the ALJ determined his subjective complaints were not credible based upon the following finding:

> . . . In this case, the claimant appears to be sincere and genuine regarding the pain and limitations . . . [he] states . . . [he] experienced with the medical impairments. If accepted as described, the claimant would be prevented from completing even sedentary exertional functions. *However, the claimant's most serious symptoms and limitations are simply outside the range of reasonable attribution according to the medical opinions of record.* . . .

(Tr. 18) (emphasis added). The ALJ's decision to discount Plaintiff's subjective complaints based upon his objective medical records alone was in error and in violation of *Polaski*. *See Polaski,* 739 F.2d at 1322. Accordingly, this case must be reversed and remanded for further consideration of Plaintiff's subjective complaints in accordance with *Polaski*.

As a final point, it is worth noting that the *Polaski* analysis is an assessment of the *credibility* of the Plaintiff's complaints. Here, the ALJ specifically found the Plaintiff's complaints to be "sincere and genuine," in a word *credible*. The ALJ then discounted his complaints. These findings

are entirely inconsistent. If the ALJ finds Plaintiff to be "sincere and credible," then his subjective allegations should be accepted, and the ALJ should incorporate those limitations into his RFC determination.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.[3]  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 8th day of April 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[3] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*. No part of this remand should be interpreted as an instruction that disability benefits be awarded. Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.